UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEE BINION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV767SNL |
| ) | |
| SOUTHWESTERN BELL ) | |
| TELEPHONE YELLOW PAGES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion to strike the affidavit of Harry Diaz (#34), filed July 29, 2005. Plaintiff has filed a responsive pleading (#38). This cause of action is set for jury trial on the Court's trial docket of October 3, 2005.

In his response to defendant's summary judgment motion, plaintiff offers the affidavit of Harry Diaz. The dispute involving Mr. Diaz' testimony has been addressed by the Court on three separate occasions: Order #16, filed June 2, 2005; Order #17, filed June 6, 2005; and Order #28, filed June 15, 2005. All three orders stated the same thing; i.e., disclosure of Mr. Diaz as a person with knowledge of plaintiff's allegations was untimely and not allowed since the discovery cut-off date had passed. Now, plaintiff seeks to offer Mr. Diaz' testimony through the proverbial backdoor; i.e. affidavit. The Court is not amused by this tactic or by his argument that it is the defendant's fault (and ultimately, the Court's fault) that plaintiff has to resort to getting Dias' testimony in by affidavit; i.e., if defendant and/or the Court had agreed to the late deposition, then defendant would have been able to cross-examine Diaz.

For once and for all, Mr. Diaz' testimony, by deposition or affidavit or video or live at trial (or any other way plaintiff's counsel can conceive) is forbidden in this case. Plaintiff and his counsel have consistently litigated this case in a dilatory manner and the Court will not allow them to profit by it. By plaintiff's own admission, Mr. Diaz approached plaintiff's counsel with information allegedly regarding this case on or before May 10, 2005[1]; yet plaintiff's counsel waited till the end of discovery to identify Mr. Diaz as a witness, never sought to supplement plaintiff's Rule 26 disclosures, and sought a deposition date after the close of discovery. Mr. Diaz' testimony will not be considered in this case via dispositive motion(s) or as a trial witness.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike (#34) be and is **GRANTED**. If plaintiff and his counsel continue to pursue the matter of Mr. Diaz' alleged testimony, the Court will consider the imposition of sanctions against either or both of them.

Dated this   10th   day of August, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] In his motion for reconsideration (#19), filed June 10, 2005 plaintiff's counsel states that Mr. Diaz approached him two (2) weeks prior to the filing of his first motion to compel (#13), filed May 26, 2005. If this is the case, then Mr. Diaz approached plaintiff's counsel on or before May 10, 2005, plaintiff's counsel waited until May 24, 2005 to inform defendant's counsel of Mr. Diaz, then sought to have him deposed on June 3, 2005 (after the close of discovery). Once again, no explanation as to why plaintiff's counsel waited two (2) weeks to inform defendant's counsel of Mr. Diaz' existence nor why the delay in setting up a deposition prior to the close of discovery.