UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEE BINION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV767SNL |
| ) | |
| SOUTHWESTERN BELL ) | |
| TELEPHONE YELLOW PAGES, INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is before the Court on plaintiff's motion to compel (#18), filed June 7, 2005. Defendant has filed a responsive pleading (#29).

Plaintiff contends that defendant has failed to fully and completely answer plaintiff's Interrogatories #10, #11 and #17; as well as Production Request #8. Defendant contends that Interrogatory #10 seeks information irrelevant to the issues raised in plaintiff's complaint, not reasonably likely to lead to discovery of admissible evidence, and information that is confidential and/or privileged. It further contends that Interrogatory #11 is vague and fails to limit the information sought to a specific period of time. It further contends that Interrogatory #17 and Production Request #8 is overbroad, not limited in temporal scope, or reasonably calculated to lead to the discovery of admissible evidence. Finally, defendant contends that the plaintiff's motion is untimely.

Upon review of the parties' pleadings and the submitted exhibits, the Court finds that defendant has adequately and sufficiently responded to the disputed discovery and the plaintiff's motion will be denied.

Plaintiff has filed this employment discrimination case alleging that, on the basis of race, defendant 1) removed accounts from his sales assignment; 2) imposed a "Penalty BOS" on his Performance Factor Bonus (i.e., reduced his bonus); and 3) refused him a transfer to the Springfield, Missouri office. Defendant served its discovery responses to plaintiff on March 21, 2005. Plaintiff did not raise any issue with said discovery responses until May 27, 2005, the closing date for discovery as set by the Case Management Order (CMO). Plaintiff filed the instant motion on the last day such motions are allowed to be filed pursuant to the CMO.

As to the timeliness issue, although the Court agrees that plaintiff has not pursued this matter is a "diligent and timely manner", the motion was filed within the allowable 11-day filing period (following the discovery deadline). This is not the first time that plaintiff and his counsel have demonstrated less than professional courtesy in litigating this case. In the future, the Court may not be so forgiving when confronted with such behavior. The motion was timely filed.

Interrogatory #10 seeks information regarding any "criminal convictions" of any of defendant's supervisors. Such information has absolutely no relevancy to any issue in this case as far as the Court can discern and plaintiff has failed to show what relevancy such information would have in this case. Furthermore, the interrogatory is overbroad in seeking such highly personal information regarding "any supervisor" employed by the defendant. Finally, apparently plaintiff is able to obtain this information via depositions of the supervisors he alleges were intimately involved in the matters at issue in this lawsuit.

Interrogatory #11 seeks information regarding whether defendant had "ever cause an investigator to investigate any aspect of Plaintiff's life, including but not limited to, Plaintiff's employment with Defendant." It further seeks reports of such "investigations". This interrogatory is vague and overbroad as to what is meant by "investigation" and lack of a specific time period.

Furthermore, plaintiff has failed to demonstrate why such information is relevant to any of the matters at issue in this case.

Interrogatory #17 and Production Request #8 seek information regarding "every complaint, charge and/or lawsuit brought against Defendant alleging race discrimination, hostile work environment, or retaliation". It further seeks all documents relating to the information sought by said interrogatory. Although the Court agrees that this interrogatory and production request are overbroad and unduly burdensome, especially as to its lack of geographic and/or temporal scope, defendant has turned over all EEOC charges of discrimination and/or questionnaires relating to any allegations of race discrimination involving plaintiff's supervisors (Rick Kruckemeyer, Mary Faser, Steve Spano, Reggie Drake, and Bekki Elli). The Court finds that the defendant's response is sufficient.

Plaintiff's motion is nothing more than a "boilerplate" motion which simply states that the defendant's discovery responses and/or objections were "improper and without merit". Nowhere in his motion does he explain why such responses were improper and without merit. Nowhere in his motion does he state why the information sought is necessary, relevant, and reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion is woefully deficient.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#18) be and is **DENIED.**

Dated this ___10th___ day of August, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE